The Honorable Wayne Dowd State Senator P.O. Box 2631 Texarkana, Arkansas 75502
Dear Senator Dowd:
This opinion is being issued in response to your recent question regarding the use of marginal endorsements. In your correspondence, you noted that Act 1025 of 1995 provides: "In counties which use other than paper recording systems, all marginal endorsements entered after December 31, 1995 are void." In light of that provision, you have presented the following question:
 Are marginal endorsements on mortgages and deeds of trust or vendor's liens, and the release thereof, valid if made after December 31, 1995 in counties which use other than paper recording systems?
It is my opinion that marginal endorsements that are entered after December 31, 1995, are valid in counties that maintain a paper recording system (even if that system is maintained in addition to a non-paper system), but are void in counties that exclusively use a non-paper system.
In Op. Att'y Gen. No. 95-181, a copy of which is attached, I analyzed the legislative intent behind Act 1025 of 1995 and concluded that the purpose of the act was to do away with the use of marginal notations as evidence of an interest in real property, and to replace such notations with the filing of an actual instrument as evidence of that interest. I opined that this purpose is not as great a concern in counties that utilize paper recording systems, because those counties already maintain a copy of the actual instrument creating the original interest in the property. In a non-paper system, by contrast, the evidence of the property interest in question consists of electronic entries and other types of notations that do nothing more than make reference to the original instruments. They are therefore further removed from primary proof of the interests in the property. Marginal notations would therefore be even further removed from the primary proof, and would, accordingly, be somewhat less trustworthy. I concluded in Opinion No. 95-181 that in enacting Act 1025 of 1995, the legislature intended to eliminate the use of marginal endorsements only in counties that do not maintain a paper recording system at all — not in counties that maintain paper recording systems or that maintain paper recording systems in addition to non-paper systems.
I therefore conclude, in response to your question, that marginal notations that are entered after December 31, 1995, are valid if used in a county that maintains a paper recording system (even if that county also uses a non-paper recording system), and that such notations are void if used in a county that exclusively uses a non-paper recording system and does not use a paper recording system at all.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh